IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL TRACHTENBERG, | : | CIVIL ACTION NO.: |
| | : | |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| PRIME HEALTHCARE | : | |
| SERVICES - ROXBOROUGH, | : | |
| LLC d/b/a | : | |
| ROXBOROUGH MEMORIAL | : | |
| HOSPITAL, | : | |
| PRIME HEALTHCARE | : | |
| SERVICES - LOWER BUCKS, LLC | : | |
| d/b/a LOWER BUCKS HOSPITAL, | : | |
| and | : | |
| PRIME HEALTHCARE | : | |
| SERVICES, INC., | : | |
| | : | JURY TRIAL DEMANDED |
| *Defendants.* | : | |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT

1.      This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Joel Trachtenberg ("Plaintiff Trachtenberg"), a former employee of Defendants Prime Healthcare Services - Roxborough, LLC d/b/a Roxborough Memorial Hospital, Prime Healthcare Services - Lower Bucks, LLC d/b/a Lower Bucks Hospital, and Prime Healthcare Services, Inc. ("Defendants"), who has been harmed by the Defendant's discriminatory actions, ultimately resulting in the termination of his employment.

2. This action is brought under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

## II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claim is substantively based on the ADEA. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Trachtenberg's claim arising under the PHRA.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Trachtenberg's claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On March 16, 2018, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Trachtenberg has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES

7. Plaintiff, Joel Trachtenberg ("Plaintiff Trachtenberg"), is a seventy nine (79) year old citizen of the State of New Jersey, residing therein at 100 Bracken Road, Medford, New Jersey 08055.

8. Defendant, Prime Healthcare Services - Roxborough, LLC d/b/a Roxborough Memorial Hospital ("Defendant Roxborough"), is a limited liability company duly organized and existing under the laws of the State of Delaware, maintaining a place of business located at 5800 Ridge Avenue, Philadelphia, Pennsylvania 19128.

9. Defendant, Prime Healthcare Services - Lower Bucks, LLC d/b/a Lower Bucks Hospital ("Defendant Lower Bucks"), is a limited liability company duly organized and existing under the laws of the State of Delaware, maintaining a place of business located at 501 Bath Road, Bristol, Pennsylvania 19007.

10. Defendant, Prime Healthcare Services, Inc. ("Defendant Prime"), is a corporation duly organized and existing under the laws of the State of Delaware, maintaining its corporate headquarters located at 3300 E. Guasti Road, Ontario, California 91761.

11. Plaintiff Trachtenberg was employed by Defendant Roxborough, Defendant Lower Bucks, and Defendant Prime. Defendants should be collectively deemed Plaintiff Trachtenberg's employer under the "single employer" doctrine and/or "joint employer"

doctrine.  Together, Defendants exercised control over the terms and conditions of Plaintiff Trachtenberg's employment.

12.  At all times relevant hereto, Defendants were acting through their agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

13.  At all times material herein, each Defendant has been a "person" and an "employer" as defined under the ADEA and the PHRA, and has been, and is, subject to the provisions of each said Act.

### III. STATEMENT OF FACTS

14.  Plaintiff Trachtenberg was employed by the Defendants from in or about July of 2008 until on or about October 6, 2017, the date of his unlawful termination.

15.  During his tenure of employment with the Defendants, Plaintiff Trachtenberg held the position of Director of Pharmacy, which entailed supervising the pharmacies at Defendant Roxborough and at Defendant Lower Bucks.  At all times relevant hereto, Plaintiff Trachtenberg maintained an excellent job performance rating in said capacity.  As evidence thereof, Plaintiff Trachtenberg consistently received stellar performance reviews, as well as several salary increases.

16.  During his tenure in said role, Plaintiff Trachtenberg reported directly to Quan Pho ("Pho"), Vice President of Pharmacy at Defendant Prime, Jacqueline Pester-Babcock ("Pester-Babcock"), Chief Nursing Officer at Defendant Roxborough, and

Patricia Bain ("Bain"), Chief Nursing Officer at Defendant Lower Bucks.

17. On or about September 29, 2017, the Defendants, through their agents, servants and employees, including, but not limited to, Pho, embarked upon a campaign of discrimination against Plaintiff Trachtenberg on the basis of his age.

18. By way of example, on said date, Pho, an individual of approximately forty (40) years of age, requested a meeting with Plaintiff Trachtenberg at Defendant Roxborough. During said meeting, Pho became hostile towards Plaintiff Trachtenberg and demanded to know when Plaintiff Trachtenberg planned on retiring. Plaintiff Trachtenberg was taken aback by Pho's discriminatory line of questioning.

19. Additionally on said date, as further discrimination on the basis of age, Pho excluded Plaintiff Trachtenberg from administrative staff meetings at Defendant Roxborough and Defendant Lower Bucks, without any justification or explanation.

20. Significantly, Plaintiff Trachtenberg had previously attended and participated in all such staff meetings.

21. On or about October 1, 2017, Plaintiff Trachtenberg received a telephone call from Pester-Babcock, who informed Plaintiff Trachtenberg that he would be required to attend a meeting at Defendant Roxborough the following day.

22. On or about October 2, 2017, Plaintiff Trachtenberg arrived at the aforesaid meeting and found Defendant Prime conducting an audit of Defendant Roxborough's pharmacy. Curiously, neither Pho nor Pester-Babcock had informed Plaintiff

Trachtenberg that an audit would be conducted, as was customary. Additionally, Defendant Prime refused to allow Plaintiff Trachtenberg to assist with the audit or review the results of said audit.

23. Contemporaneously, Marilyn DeCecco ("DeCecco"), Human Resources Director for Defendant Roxborough, requested to meet with Plaintiff Trachtenberg. During said meeting, DeCecco suspended Plaintiff Trachtenberg, effective immediately, upon direct orders from Pho, falsely alleging that Plaintiff Trachtenberg had failed to report to Defendants that Gerald Deleo ("Deleo"), a Pharmacist under his supervision, had previously been charged with a criminal misdemeanor for soliciting a prostitute, in violation of company policies. Per industry practice, Pharmacy Directors are only required to report employees with felony convictions and/or those convictions related to the possession or distribution of drugs. Therefore, at no time did Plaintiff Trachtenberg breach any industry practice or company protocol.

24. On or about October 6, 2017, Pester-Babcock and Bain abruptly terminated Plaintiff Trachtenberg's employment, falsely alleging that Plaintiff Trachtenberg had "failed to establish and maintain policies and procedures related to controlled substances," among other alleged discrepancies. However, at no time did Plaintiff Trachtenberg commit any of the alleged transgressions. Upon confronting Pester-Babcock and Bain with the falsity of said allegations, Pester-Babcock explained that they were acting on "direct orders" from Pho.

25. On or about October 9, 2017, Plaintiff Trachtenberg attended a previously scheduled industry conference in Chicago, Illinois. During said conference, Plaintiff Trachtenberg conversed with Kenneth Spear ("Spear") and Ted Gorman ("Gorman"), similarly situated Pharmacy Directors over the age of sixty (60). Spear informed Plaintiff Trachtenberg that Pho had also interrogated him regarding his age and retirement plans. Similarly, Gorman stated that he felt Pho was attempting to force him out of his position due to his age, thereby providing further evidence of Defendants' discriminatory intentions.

26. Upon information and belief, following Plaintiff Trachtenberg's termination, the Defendants reassigned his duties to a substantially younger, less qualified, less experienced individual.

27. Plaintiff Trachtenberg believes and avers that the Defendants' articulated reason for the termination of his employment was pretextual and that Defendants actually terminated him on the basis of his age (79).

### COUNT I
### (ADEA - Age Discrimination)
### Plaintiff Trachtenberg v. all Defendants

28. Plaintiff Trachtenberg incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth at length herein.

29. The actions of the Defendants, through their agents, servants and employees, in subjecting Plaintiff Trachtenberg to discrimination based on his age (79), ultimately resulting in the termination of his employment, constituted a violation of the ADEA.

30. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the ADEA, as aforesaid, Plaintiff Trachtenberg sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

## COUNT II
### (PHRA - Age Discrimination)
### Plaintiff Trachtenberg v. all Defendants

31. Plaintiff Trachtenberg incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32. The actions of the Defendants, through their agents, servants and employees, in subjecting Plaintiff Trachtenberg to discrimination based on his age (79), ultimately resulting in the termination of his employment, constituted a violation of the PHRA.

33. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, as aforesaid, Plaintiff Trachtenberg sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

34. As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff Trachtenberg suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

35.     Plaintiff Trachtenberg incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Trachtenberg requests that this Court enter judgment in his favor against the Defendants and Order that:

a.     Defendants compensate Plaintiff Trachtenberg for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b.     Defendants compensate Plaintiff Trachtenberg with an award of front pay, if appropriate;

c.     Defendants pay to Plaintiff Trachtenberg liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.     Defendants pay to Plaintiff Trachtenberg pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.     The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Trachtenberg demands a trial by jury.

                                        SIDNEY L. GOLD & ASSOC., P.C.

                                        /s/Sidney L. Gold, Esquire

                                        SIDNEY L. GOLD, ESQUIRE
                                        I.D. NO.: 21374
                                        TRACI M. GREENBERG, ESQUIRE
                                        I.D. NO: 86396
                                        1835 Market Street, Ste. 515
                                        Philadelphia, PA 19103
                                        215.569.1999
                                        sgold@discrimlaw.net
                                        tgreenberg@discrimlaw.net
                                        Attorneys for Plaintiff

Dated:        April 20, 2018

## VERIFICATION

I hereby verify that the statements contained in the attached Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 4/17/2018

_____
JOEL TRACHTENBERG, PLAINTIFF